UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA MCCABE,

                Plaintiff,

    v.                                            Case No. 24-cv-1004-bhl

MARKWINS BEAUTY PRODUCTS INC
d/b/a Lip Smacker,

                Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

      Plaintiff Melissa McCabe, who is legally blind, alleges that Defendant Markwins Beauty Products Inc. (Markwins) violated Title III of the Americans with Disabilities Act (ADA) by failing to maintain a website that is accessible to legally blind users. (ECF No. 1.) She seeks a declaration that Markwins violated Title III of the ADA, a permanent injunction compelling Markwins to bring its website into compliance, and her costs and attorneys' fees.[1] (*Id.* at 16–17.) Markwins accepted service on August 13, 2024, but has never appeared in the case. (*See* ECF No. 4.) As a result, on November 12, 2024, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). McCabe now seeks a default judgment under Rule 55(b)(2). (ECF Nos. 8 & 9.) Because the defaulted facts establish Markwins' violation of the ADA, the Court will grant McCabe's motion for default judgment but will order only part of the relief she requests. McCabe is entitled to an injunction compelling Markwins to comply with the ADA, but her request for declaratory relief is inappropriate and her requested injunction is overbroad. The Court will limit its judgment to the entry of an injunction compelling Markwins to comply with the ADA. The Court will decline McCabe's invitation to micromanage the process by which Markwins achieves compliance.

---

[1] The complaint also requests nominal damages, (ECF No. 1 at 17), but McCabe appears to have abandoned that request in her motion for default judgment, (*see* ECF Nos. 8 & 9). Monetary damages, including nominal damages, are not available to private plaintiffs under Title III in any event. *See McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *5 (E.D. Wis. Mar. 19, 2024) (collecting cases).

## FACTUAL BACKGROUND[2]

McCabe is a legally blind resident of Racine, Wisconsin. (ECF No. 1 ¶12.) She uses two screen-reader accessibility tools, Voice-Over and ZoomText, to navigate the internet. (*Id.*) Markwins is a California corporation, headquartered in California, that develops, manufactures, and distributes lip balm, lip gloss, and related products under the brand name Lip Smacker. (*Id.* ¶13.) Markwins' products and related content and services are available for purchase online at https://www.lipsmacker.com. McCabe attempted to purchase lip balm from Markwins via the Lip Smacker website but was unable to do so because the site is incompatible with her accessibility tools. (*Id.* ¶26.)

## LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

## ANALYSIS

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (citing 42 U.S.C. §§12181–89). McCabe alleges that Markwins violated Title III by failing to develop and maintain its website to be accessible to legally blind individuals like herself. She seeks declaratory and injunctive relief, as well as costs and attorneys' fees. Markwins has not responded to the complaint and is therefore in default. When a party is in default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. Before the Court can enter a default judgment against Markwins, however, it must examine whether the factual allegations in the complaint establish Markwins' liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc. Civ. §2688.1 (4th ed.); *see also GS Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

---

[2] These facts are derived from McCabe's complaint, (ECF No. 1), which the Court deems admitted due to Markwins' default. Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

McCabe asserts a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. §12182(a); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). To prevail on a Title III claim, McCabe must establish that (1) she is disabled under the ADA; (2) that Markwins owns, leases, or operates a place of public accommodation; and (3) that Markwins discriminated against her on the basis of her disability. *McCabe v. Tire Web*, No. 23-cv-459-pp, 2024 WL 4144200, at *4 (E.D. Wis. Sep. 11, 2024) (citing *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019)).

McCabe alleges that she is legally blind and "suffers from Nystagmus, a congenital, progressive eye disease." (ECF No. 1 ¶12.) This qualifies as a disability under the ADA. *See Tire Web*, 2024 WL 4144200, at *5; *see also McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *3 (E.D. Wis. Mar. 19, 2024) (citing *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740, at *6 (N.D. Ill. Nov. 15, 2023)). McCabe further alleges that Markwins owns, operates, and controls the Lip Smacker website, through which it sells goods and services. (ECF No. 1 ¶14.) The Seventh Circuit has confirmed that "a place of public accommodation" includes websites offering goods or services for sale. *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001); *see also* 42 U.S.C. §12181(7)(E) (including "sales . . . establishment" as a place of public accommodation under the ADA). McCabe also alleges that she attempted to purchase lip balms on the Lip Smacker website but was unable to complete her purchase because the website was incompatible with the accessibility tools she utilizes to navigate the internet. (ECF No. 1 ¶¶21, 26–27.) Taking her allegations as true, McCabe has established that Markwins discriminated against her on the basis of her disability by failing to make its website accessible to her. *See* 42 U.S.C. §12182(b)(2)(A)(ii)–(iii); *Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *4–5. Accordingly, McCabe's factual allegations, on which Markwins has defaulted, establish its liability under Title III.

For a remedy, McCabe seeks three forms of relief: (1) an injunction directing Markwins to take specific steps to come into compliance with the ADA; (2) a declaration that Markwins was in violation of Title III at the commencement of this suit; and (3) an award of reasonable attorneys' fees, including costs to monitor Markwins' compliance with the Court's judgment. (ECF Nos. 8 & 9.) The Court will grant only a portion of McCabe's request for injunctive relief.

To merit injunctive relief, McCabe must show four things: (1) she has suffered an irreparable injury; (2) traditional remedies are inadequate to compensate for her injury; (3) the balance of hardships between her and Markwins tip in her favor; and (4) the public interest would not be disserved by a permanent injunction. *See LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). McCabe has suffered an irreparable injury because the Lip Smacker website is inaccessible to her. *See Tire Web*, 2024 WL 4144200, at *6. She has no other remedy at law because monetary damages are not available under Title III. *Id.* (citing *Scherr*, 703 F.3d at 1075). The balance of hardships weighs in McCabe's favor because absent injunctive relief she will be denied equal access to Markwins' products and services, while Markwins will only be required to expend some costs to bring its website into compliance with federal law. *See id.* at *7 (citing *Heid Music*, 2024 WL 1174352, at *7). And the public interest will be served by an injunction because the public has a strong interest in eliminating discrimination against individuals with disabilities. *Id.* (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)). Accordingly, the Court agrees that McCabe is entitled to injunctive relief.

McCabe's request for injunctive relief is overbroad, however. She seeks an order directing Markwins to bring its website into compliance with the ADA and she asks the Court to direct Markwins to take specific steps to comply. (ECF No. 9 at 15–18.) For example, she asks that the Court order Markwins to hire "ADASure" as a consultant to perform training, testing, and auditing of the website on an ongoing basis. (*Id.* at 16–17.) McCabe also requests permission to monitor the Lip Smacker website for up to two years after ADASure confirms that it is ADA compliant, including authorization to consult with ADASure and review any written materials ADASure provides to Markwins. (*Id.* at 18.) These overly detailed requests are unnecessary and inappropriate. The Court is required to "tailor injunctive relief to the scope of the violation found." *e360 Insight.*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9 (2006)). The facts alleged in McCabe's complaint demonstrate that Markwins has violated Title III of the ADA, but this does not entitle McCabe to direct the process by which Markwins achieves ADA compliance. An injunction requiring Markwins to bring the Lip Smacker website into compliance with the ADA is sufficient. If Markwins fails to comply with the injunction, McCabe may bring suit to enforce it. *Tire Web*,

2024 WL 4144200, at *7 (citing *Wright v. Thread Experiment, LLC*, No. 19-cv-1423-SEB-TAB, 2021 WL 243604, at *5 n.4 (S.D. Ind. Jan. 22, 2021)).

McCabe also asks the Court to declare that "at the commencement of this action, [Markwins] was in violation of Title III of the ADA" by failing "to ensure that its Website, https://www.lipsmacker.com/, is fully accessible to and independently usable by blind individuals." (ECF No. 9 at 15.) McCabe's briefing does not explain why she is entitled to declaratory relief, and at least two judges in this district have concluded that declaratory relief is improper where, as here, the plaintiff seeks a declaration establishing past discrimination. *See Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *8 ("Declaratory relief is inappropriate where a private plaintiff seeks relief for discriminatory acts that have already occurred." (quoting *Marquez v. Riveredge Hosp., Inc.*, No. 21-CV-3369, 2022 WL 832650, at *6 (N.D. Ill. Mar. 21, 2022))). Accordingly, the Court will deny McCabe's request for declaratory relief.

McCabe also seeks to recover reasonable attorneys' fees, which are available to prevailing plaintiffs under the ADA. 42 U.S.C. §12205. McCabe seeks to include in her motion for attorneys' fees the costs of monitoring Markwins' compliance with the permanent injunction, citing to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986), and *Garrity v. Sununu*, 752 F.2d 727 (1st Cir. 1984). (ECF No. 9 at 19.) Both cases McCabe cites involved complicated class-action litigation that required complex post-litigation implementation of the judgment. This straightforward ADA litigation is not analogous. The Court will allow McCabe to file a separate motion for reasonable attorneys' fees under Federal Rule of Civil Procedure 54(d)(2). Her motion should not include any request for fees associated with post-judgment monitoring costs, which are not authorized or necessitated by the Court's entry of injunctive relief.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Melissa McCabe's Motion for Default Judgment, ECF No. 8, is **GRANTED**. Her requested relief is **GRANTED in part** and **DENIED in part**. The Court will issue a permanent injunction ordering Markwins to bring the Lip Smacker website into compliance with the ADA by separate order in compliance with *MillerCoors LLC v.*

*Anheuser-Bush Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d). All other requested relief is **DENIED.** The Clerk is directed to enter judgment in favor of McCabe.

Dated at Milwaukee, Wisconsin on June 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
