MELISSA MCCABE,

        Plaintiff,

                                        Case No. 24-cv-1004-bhl

    v.

MARKWINS BEAUTY PRODUCTS INC
d/b/a Lip Smacker,

        Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On August 8, 2024, Plaintiff Melissa McCabe filed a complaint against Defendant Markwins Beauty Products Inc (Markwins), doing business as Lip Smacker, alleging violations of Title III of the Americans with Disabilities ACT (ADA). (ECF No. 1.) Markwins was served on August 13, 2024, but never answered or otherwise appeared. (ECF No. 4.) At Plaintiff's request, on November 12, 2024, the Clerk entered default, and, on March 3, 2025, Plaintiff filed a motion for default judgment. (ECF Nos. 6 & 8.) On June 2, 2025, the Court granted Plaintiff's motion for default judgment. (ECF No. 10.) The Court also entered a permanent injunction requiring Markwins to bring its "Lip Smacker" website, www.lipsmacker.com, into compliance with Title III of the ADA. (ECF No. 11.) Plaintiff now seeks attorney's fees and costs for litigating the case. (ECF No. 13.)

The ADA authorizes the Court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. §12205. Accordingly, there are two requirements to recover attorney's fees: (1) the moving party must be prevailing; and (2) the requested fees must be reasonable.

A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court considers parties who win default judgment to be prevailing. *See McCabe v. Heid Music Co., Inc.*, No. 23-cv-1215-JPS, 2024 WL 2815321, at *1 (E.D. Wis. June

3, 2024).  As Plaintiff won default judgment and permanent injunctive relief against Markwins, she is the prevailing party as to those defendants and is thus entitled to reasonable attorneys' fees.

To determine whether the amount requested is reasonable, the Court uses the "lodestar" method, multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (alteration in original) (quoting *Hensley*, 461 U.S. at 433).  The reasonable hourly rate is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003).  The fee applicant bears the burden of producing evidence supporting that the requested rate matches the market rate, and the best evidence is the attorney's actual billing rate for similar work. *Pickett*, 664 F.3d at 640 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012).  If that burden is met, the burden shifts to the other party to offer evidence explaining why a lower rate is "essential." *Pickett*, 664 F.3d at 640. Once the Court establishes the lodestar, it may adjust it to account for additional factors. *Id.*

Plaintiff's Counsel submits that he is a managing partner at the law firm of Nye, Sterling, Hale, Miller & Sweet LLP, that he "was recently approved at the rate of $1,200 per hour," and that he voluntarily reduced his charged rate to $750.00 per hour in this case.  (ECF No. 15 ¶6.)  This Court has previously found a market rate of $750.00 per hour for Title III ADA cases to be reasonable for partner work in this market. *See Heid Music*, 2024 WL 2815321, at *2.  The Court will therefore find that $750.00 per hour remains a reasonable rate for Plaintiff's Counsel for this Title III ADA case.

Plaintiff also claims billing rates of $550.00 per hour for work performed by associates and $300.00 per hour for work performed by paralegals in this case.  (ECF No. 15 ¶13.)   Plaintiff's memorandum of law and Plaintiff's Counsel's declaration do not address the claimed associate rate or paralegal rate and why those rates are reasonable.  (*See id.*; *see also* ECF No. 14.).  Plaintiff does not provide any basis to justify this billing rate, like describing the associates' experience with Title III cases, or simply stating their typical billing rate.  Elsewhere, in Plaintiff's argument in support of a $750.00 hourly rate for partners, Plaintiff cites multiple cases approving *lower rates* for associates.  (ECF No. 14 at 8 (citing *Kouri v. Federal Express Corp.*, No. 2:21-cv-08066-SPG-JEM, ECF No. 70 (C.D. Cal. July 25, 2023) (concluding rate of $425 for senior associates and $325 for junior associates was reasonable for Title III ADA work); *Walden v. EYM Grp. Inc.*, No. 2:21-cv-01116-PP, ECF No. 31 (E.D. Wis. Jan. 9, 2023) (approving $350 per hour rate for

associates).)   The Court will not approve Plaintiff's unsupported billing rate of $550.00 per hour for associate work.   The Court concludes that a reduced billing rate of $350.00 per hour for associate work is reasonable.  *See Walden*, No. 2:21-cv-01116-PP, ECF Nos. 25 & 31 (claiming and approving $350 per hour rate for associates); *see also Beal v. Armstrong Containers, Inc.*, No. 22-cv-378-pp, 2025 WL 2972423, at *5 (E.D. Wis. Oct. 21, 2025) (permitting an hourly rate of $250 for two-year associates); *Pelishek v. City of Sheboygan*, No. 23-CV-1048, 2025 WL 785194, at *3 (E.D. Wis. Mar. 12, 2025) (finding an hourly rate of $250 for associates to be reasonable).

Similarly, Courts in the Eastern District of Wisconsin have found that this market does not support a rate of $300.00 per hour for paralegal work and awarded a lower rate for paralegal work, adjusted slightly higher than the market when the work involved some drafting tasks.  *McCabe v. Tire Web, LLC*, 2024 WL 5238261, at *3 (rejecting a claimed rate of $300.00 for paralegal work and determining that a $175.00 per hour rate was reasonable, given that the paralegals performed some drafting tasks); *Heid Music* 2024 WL 2815321 at *2–3 (rejecting a claimed rate of $300.00 for paralegal awork and finding that $175.00 per hour was a reasonable rate because the paralegal performed legal research and drafting tasks).  The Court will take the same approach here and concludes that $175.00 per hour is a reasonable rate for paralegal work in this case, as the paralegals performed some drafting tasks.  (*See* ECF No. 15 ¶13.)

The burden now moves to the defendant to establish "a good reason why a lower rate is essential."  *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted).  Failure to do so is "a concession that the attorney's billing rate is reasonable and should be awarded."  *Id.*  The defendants have not responded to the motion, and the Court will therefore apply a $750.00 per hour billing rate for partner work, a $350.00 per hour billing rate for associate work, and a $175.00 per hour billing rate for paralegal work.

Having determined the reasonable rate, the Court must consider "the hours reasonably expended."  *Johnson*, 668 F.3d at 929.  The Court must ensure that counsel exercised "billing judgment" by submitting only the hours reasonably expended, not necessarily the hours actually expended.  *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999).  Counsel for the prevailing party cannot include in the fee request "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S. at 434.  Plaintiff's counsel maintains that his firm expended 30.3 hours in total on this litigation, including 20.5 hours of partner time, 4.2 hours of associate

time, and 5.6 hours of paralegal time.  Similar amounts of time have been found reasonable in other recent, similar cases in this district.  *See Tire Web*, 2024 WL 5238261 at *3; *Heid Music*, 2024 WL 2815321 at *3.  The Court has reviewed the descriptions of each billed task provided in Plaintiff's Counsel's declaration and agrees that the hours have been limited to the hours that were reasonably expended.  Accordingly, Plaintiff is entitled to 20.5 hours at a billing rate of $750.00 per hour, 4.2 hours at a billing rate of $350.00 and 5.6 hours at a billing rate of $175.00 per hour, totaling $17,825.00.

Plaintiff also seeks costs: $405.00 for the filing fee, and $295.00 for processing service. (ECF No. 15 at 7.)  Federal Rule of Civil Procedure 54(d)(1) provides that costs be allowed to the prevailing party unless a federal statute, Rule of Civil Procedure, or court order provides otherwise. As already discussed, Plaintiff is a prevailing party and may therefore recover $700.00 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff McCabe's motion for attorney's fees, ECF No. 13, is **GRANTED in part**.  McCabe is entitled to recover from Defendant Markwins Beauty Products, Inc., attorney's fees in the total amount of $17,825.00 and costs in the amount of $700.00.

**IT IS FURTHER ORDERED** that Defendant Markwins Beauty Products, Inc., shall pay to Plaintiff McCabe's attorneys' fees in the amount of $17,825.00 and costs in the amount of $700.00.

Dated at Milwaukee, Wisconsin on April 2, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge